UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| PEGGY BLEDSOE, as Representative of the Estate of LEAH CRANK, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>JANSSEN PHARMACEUTICA et al., )<br>)<br>Defendants. ) | Case No. 4:05CV02330 ERW |

## **MEMORANDUM AND ORDER**

This matter comes before the Court upon Defendant's Motion to Stay [doc. #20], filed on January 30, 2006. Plaintiff has not opposed, or otherwise responded to, the Motion, and the time for doing so has expired.

This action is one of many product liability cases filed in courts across the country concerning the prescription drug Zyprexa. On April 14, 2004, the Judicial Panel on Multidistrict Litigation ("JPML") issued an order establishing a multi-district litigation ("MDL") proceeding in the Eastern District of New York. *See In re Zyprexa Products Liability Litig..,  No. 1596*, 314 F.Supp.2d 1380 (J.P.M.L. 2004). Defendant states that this case involves the same factual inquiries that the JPML has found to warrant coordinated or consolidated pretrial proceedings in the MDL court. According to Defendant, it has filed a notice of potential tag-along seeking transfer of this case to the MDL, and the JPML has conditionally ordered transfer of this case. Defendant argues that this Court should stay all proceedings in this case pending MDL transfer in order to conserve judicial resources and prevent inconsistent pretrial orders.

A district court has the inherent power to stay its proceedings. This power is "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North American Co.*, 299 U.S. 248, 254

1

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

(1936). This power requires a court to exercise its "judgment, which must weigh competing interests and maintain an even balance." *Id.* A court need not automatically stay a case merely because a party has moved the MDL for transfer and consolidation. *See Rivers v. Walt Disney*, 980 F.Supp. 1358, 1360 (C.D. Cal. 1997). In considering a motion for stay, a court should consider both the interest of judicial economy and the potential prejudice or hardship to the parties. *Id.*

In support of its Motion, Defendant argues that a stay will assist the designated MDL court in achieving its purpose of conserving judicial resources, ensuring uniform decisions on pretrial matters, and avoiding duplicative and costly burdens on the litigants. The Court first considers judicial economy interests. Importantly, the MDL court hearing the coordinated cases will decide many of the same issues this Court would examine with regard to the parties' dispute. The Court finds Defendant's judicial economy argument persuasive and concludes that judicial economy weighs heavily in favor of granting the requested stay. Moreover, a stay will allow for consistent pretrial rulings and will conserve judicial resources because only one court will need to make such rulings. The Court also considers the resulting prejudice to the parties. The Court concludes that, although Plaintiff might well be subjected to some delay as a result of the issuance of a stay, that prejudice does not outweigh the judicial economy interests described above. In any event, any delay is likely to be relatively short. Moreover, both parties will benefit from coordinated pretrial management. The Court will grant Defendant's unopposed Motion.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Stay [doc. #20] is **GRANTED**.

Dated this <u>13th</u> day of February, 2006.

_____
E. RICHARD WEBBER
UNITED STATES DISTRICT JUDGE

2

PDF created with FinePrint pdfFactory trial version www.pdffactory.com