**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| PEGGY BLEDSOE, as Representative of the Estate of LEAH CRANK, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) No. 4:05CV2330 ERW<br>) |
| JANSSEN PHARMACEUTICA, L.P., et al., | )<br>)<br>) |
| Defendants. | ) |

## OPINION, MEMORANDUM AND ORDER

The matter is now before the Court for consideration of the Motion to Remand, pursuant to Chief Judge Jackson's Consolidation Orders of April 27, 2006 and May 8, 2006.

This case involves the prescription drug, Risperdal. In its Memorandum and Order dated March 3, 2006, in <u>K.B. v. Janssen, et al</u>, Case Number 4:05CV1914HEA, the Court considered the same allegations contained in this consolidated case that were contained in those cases against resident physician defendants regarding prescribing Risperdal *vis a vis* fraudulent joinder. The Court concluded, based on the Eighth Circuit standard for determining fraudulent joinder, that plaintiffs had sufficiently stated a cause of action against the resident physicians such that the Court did not have diversity jurisdiction. See <u>K.B. v. Janssen, et al.</u>, Case Number

05CV1914HEA, Order dated March 3, 2006.

The same analysis applies to this case as well. The defendant physicians in this case are alleged to have owed plaintiffs a duty to exercise that degree of skill and proficiency which is commonly experienced by the ordinary, skillful, careful and prudent physician engaged in the practice of medicine. Plaintiff has plead that the defendant physicians failed to properly diagnose, treat and/or evaluate complaints and symptoms following plaintiffs' ingestion of Risperdal. Based on these allegations, it cannot be said that there is no reasonable basis in fact or law supporting the claim stated against the defendant physicians. Furthermore, because there exists a plausible claim against the resident physicians, the Court cannot conclude that plaintiff has no real intention of prosecuting the negligence action against them. Therefore, plaintiff's motion to remand will be granted.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's Motion to Remand, [Doc. No. 13], is granted.

**IT IS FURTHER ORDERED** that this case is remanded to the Circuit Court for the City of St. Louis.

Dated this 25th day of September, 2006.

_____
 HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE